IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00183-WDM-PAC

LANGSTON ALEXANDER,

    Plaintiff,

v.

WAL-MART STORES, INC., a Delaware Corporation,

    Defendant.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on the motion to dismiss filed by defendant Wal-Mart Stores, Inc. (Wal-Mart). Plaintiff Langston Alexander (Alexander), proceeding *pro se*, opposes the motion. Upon review of the parties' filings, I conclude oral argument is not required. For the reasons that follow, the motion to dismiss will be denied.

### Background

Alexander submitted a Title VII complaint to the court on January 27, 2006, alleging that Wal-Mart failed to promote him, denied him transfers, and harassed him on the basis of his race (black). With his complaint, he filed a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915. The court granted this motion and accepted the complaint for filing on February 2, 2006.[1]

---

[1] Inexplicably, Wal-Mart argues it is "undisputed" that the complaint was filed on February **23**, 2006. Not only does the court docket sheet clearly provide that the complaint was filed on February **2**, 2006, but there were no filings at all entered or

Standard of Review

A motion to dismiss is appropriate when it appears beyond doubt that the plaintiff could prove no set of facts entitling it to relief.  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.  *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

Discussion

Wal-Mart moves to dismiss the complaint, arguing that it was not filed within ninety days of Alexander's receipt of the EEOC Notice of Right to Sue, as required by 42 U.S.C. § 2000e-5(f)(1).  The Tenth Circuit views this ninety-day filing period as akin to a statute of limitation and does not consider it a jurisdictional requirement.  *Jarrett v. US Sprint Comm'cns. Co.*, 22 F.3d 256, 259-260 (10th Cir. 1994).

In his complaint, Alexander asserts that he received the Notice of Right to Sue on October 29, 2005.  The ninety-day period thus expired on January 27, 2006, the date Alexander submitted his complaint to the court along with his motion to proceed *in forma pauperis* pursuant to § 1915.

The law in the Tenth Circuit is clear that a statute of limitations–and the ninety-day filing period of § 2000e-5(f)(1)–is tolled while an *in forma pauperis* petition is pending.  *Id.* at 259.  Courts deem a complaint "'filed' upon presentation to the court clerk when accompanied by an [*in forma pauperis*] motion, so that the formal filing 'relates back'– upon grant of pauper status–to the 'lodging' of the complaint with the

---

issued on February 23, 2006.

clerk." *Id.* Applying this rule to the facts of this case, upon the granting of the § 1915 motion on February 2, 2006, the acceptance of the complaint related back to January 27, the date it was submitted with the § 1915 motion. Therefore, Alexander's complaint is deemed timely filed as of January 27, 2006, the last day of the ninety-day filing period.

Accordingly, it is ordered that Wal-Mart's motion to dismiss, filed March 21, 2006, is denied.

DATED at Denver, Colorado, on April 11, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge