IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00183-WDM-MEH

LANGSTON ALEXANDER,

     Plaintiff,

v.

WALMART STORES, INC.,

     Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DEFENDANT'S MOTION TO COMPEL

Before the Court are Plaintiff's Motion for Amendment of Scheduling Order and Protective Order to Prevent Deposition [Docket #37] and Defendant's Motion to Compel Plaintiff to Comply with Discovery Obligations or, in the Alternative, Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [Docket #41]. A hearing was held on these matters on August 30, 2006. Based on the arguments presented at that hearing, the Court hereby ORDERS as follows:

### I. Plaintiff's Motion for Extension of Time

Plaintiff seeks additional time to submit his rule 26 disclosures and also argues that he has already submitted these disclosures to Defendant's counsel. The Court notes that although Plaintiff contends these disclosures were previously mailed to Defendant's counsel, the only relevant certificate of service on the docket relates to Plaintiff's motion for an extension of time for the Rule 26 disclosure deadline, not the actual disclosures. Docket #33. In addition, Plaintiff can supplement his disclosures as more information is received pursuant to Fed. R. Civ. P. 26, but he must still disclose the information that is currently available. As such, Plaintiff is given until **August 31, 2006** to mail his Rule 26 disclosures to Defendant's counsel. Defendant's counsel shall file a short status

report by the close of business **Tuesday, September 5, 2006**, indicating whether the Rule 26 disclosures were received. To this extent, Plaintiff's Motion for Extension of Time is **granted**.

## II.     Defendant's Motion to Compel Discovery and Reset Settlement Conference

Defendant argues that Plaintiff has twice failed to appear for his properly-noticed deposition. Plaintiff has not established good cause to avoid attendance of his deposition, and Plaintiff cannot avoid Defendant's right to question him under oath about his allegations. Plaintiff Langston Alexander is, therefore, ordered to make himself available for deposition on **September 6, 2006, at 10:00 a.m.** at the offices of Defendant's counsel, Greenberg Traurig, LLP, 1200 Seventeenth Street, #2400, Denver, CO 80202. As the Court is ordering his attendance, Plaintiff is reminded that failure to appear for his deposition will constitute a failure to comply with the Orders of this Court and will be considered by this Court as a failure to prosecute this case.

Due to the additional discovery the parties seek prior to discussing settlement, the settlement conference scheduled for September 5, 2006, is hereby **vacated** and **rescheduled** to **Thursday, October 5, 2006, at 1:30 p.m.** Confidential settlement statements are to be submitted to Chambers either by email at *Hegarty_Chambers@cod.uscourts.gov* or fax at 303-335-2133 no later than September 28, 2006. As discussed herein, Defendant's Motion to Compel is hereby **granted** in part.

## III.    Defendant's Motion to Dismiss for Failure to Prosecute

Defendant's Motion seeks to compel the discovery addressed above, or in the alternative, seeks the dismissal of Plaintiff's case for failure to prosecute. Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id*.

At this time, the Court will **deny** Defendant's Motion to Dismiss **without prejudice**. Should Plaintiff fail to comply with this Order, Defendant is granted leave to re-file its Motion to Dismiss. The Court has given Plaintiff ample reminders of his duties and responsibilities regarding the prosecution of his claims.

Plaintiff is further reminded that he is responsible for the prosecution of his case. Because he is not a minor and does not allege that he is not competent to handle his affairs, the Court ORDERS that Plaintiff, not Plaintiff's parents, shall communicate with Defendant's counsel. While Plaintiff is allowed to be represented by counsel, a party appearing *pro se*, such as Plaintiff, bears the responsibility of cooperating and communicating with opposing counsel throughout the discovery process. Plaintiff has no right to a personal representative other than properly-licensed counsel. Plaintiff should also remember that the discovery deadline in this case is December 15, 2006. The Court will not grant any extensions to this deadline based on Plaintiff's continued efforts to retain counsel. A *pro se* litigant must still proceed with his case, even without counsel, because no right to representation exists in a civil proceeding such as this.

**IV.    Conclusion**

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Amendment of Scheduling Order and Protective Order to Prevent Deposition [Filed August 22, 2006; Docket #37] is **granted** in part and **denied** in part. Specifically, Plaintiff is given until August 31, 2006, to mail is Rule 26 disclosures, and Plaintiff's Motion for Protective Order to Prevent Deposition is **denied**. It is further ORDERED that Defendant's Motion to Compel Plaintiff to Comply with Discovery Obligations or, in the Alternative, Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) [Docket #41] is **granted** in part and **denied** in part without prejudice. Plaintiff shall appear for his deposition on September 6, 2006, at 10:00 a.m. at the offices of Defendant's counsel, and Defendant shall file status report on

September 5, 2006, indicating whether Defendant received Plaintiff's Rule 26 disclosures. Defendant's Motion to Dismiss for Failure to Prosecute is **denied** without prejudice. Nevertheless, Plaintiff is reminded that he, and not his parents, shall communicate with Defendant's counsel.

Dated at Denver, Colorado this 31st day of August, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge