IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00183-WDM-MEH

LANGSTON ALEXANDER,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

---

**RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

In this employment discrimination case, Defendant has moved for summary judgment on all claims [Docket #53]. The matter is briefed and has been referred to this Court for a recommendation. Based on the following analysis, the Court **recommends** that the motion be **granted**.

**I.  Facts**

These are the properly supported facts that are undisputed for purposes of the motion for summary judgment. Plaintiff, an African-American male, was employed with Defendant from July 2001 to October 2004, holding various hourly positions. He resigned on October 28, 2004, citing other pursuits in which he wished to engage. He now contends that Defendant discriminated against him during his employment by counseling him in writing for an attendance issue, failing to hire him for transfers to other stores for which he applied, and creating a racially hostile work environment. The Court will address each of the allegedly adverse employment actions separately below.

**II.  Legal Analysis**

    **A.  Legal Standard for Summary Judgment**

Defendant moves for summary judgment on all claims. A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d

1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006).

If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v. Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.,* the evidence must be based on personal knowledge. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

**B.     Legal Standard for Discrimination/Retaliation/Harassment Cases**

Although there are separate tests for establishing a prima facie case of discrimination, retaliation, and harassment/hostile environment, each of them requires an adverse employment action[1] and, as to each, if a defendant demonstrates a legitimate, nondiscriminatory reason for the adverse employment action, some showing must be made by the plaintiff that the defendant's proffered reason is a pretext. *See generally Plotke v. White*, 405 F.3d 1092, 1098-99 (10th Cir. 2005) (citing the three-step burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-07 (1973)). If the Defendant here has established legitimate, nondiscriminatory reasons for the alleged adverse employment actions, and Plaintiff does not submit evidence to support a material factual issue concerning pretext, summary judgment is appropriate.

**III.    Alleged Adverse Employment Actions**

   **A.     Written Coaching/Nontransfer to Denver**

On September 15, 2005, Plaintiff attended an interview at a Sam's Club in Denver, Colorado, hoping for a transfer to that store. He called in to the fitting room attendant that morning to inform that person that he would not be in that day and asked that a supervisor be informed, a procedure that Plaintiff alleges is in compliance with Defendant's written policy concerning absences. However, Defendant contends that Plaintiff violated its attendance policy and gave him a "written coaching" arising from his absence. Based on the written coaching, he was ineligible for a transfer and, indeed, was denied a transfer to the Denver store based on this document having been issued. There is a factual dispute concerning whether Plaintiff complied with Defendant's attendance policy, but as the

---

[1] With regard to hostile environment/harassment cases, the adverse action is a workplace in which the harassment is so severe or pervasive, that it alters a term, condition or privilege of employment and creates an abusive working environment. *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1263 (10th Cir. 2005).

3

Court notes below, the dispute is not material to Plaintiff's case for purposes of summary judgment.

The situation described above concerns two potentially adverse actions: Issuance of the written coaching and denial of a transfer. Indeed, these two are intertwined, because issuance of the written coaching caused the denial of the transfer.

### 1. Denial of the Transfer

In order to establish a *prima facie* case of discrimination concerning a failure to transfer, Plaintiff is required to establish that (1) he belongs to a protected class; (2) he sought and was qualified for a job for which the Defendant was seeking applications; (3) despite his qualifications, he was not transferred to the position he sought; and (4) after his rejection, the position remained open and the Defendant continued to seek applicants for it. *Amro v. Boeing Co.*, 232 F.3d 790, 797 (10th Cir. 2000). Defendant does not contend that element (4) fails; Plaintiff satisfies the remaining elements and, under *Amro*, he has established a *prima facie* case.[2] However, Defendant contends that the denial of the lateral transfer that Plaintiff was seeking cannot be considered an adverse employment action, which is a necessary element to a discrimination claim. *E.g.*, *Paloni v. City of Albuquerque Police Dep't*, No. 05-2131, -2338, 2006 WL 3791286 (10th Cir. Dec. 27, 2006). *Cf. Metzler v. Federal Home Loan Bank of Topeka*, 464 F.3d 1164 (10th Cir. 2006) (requirement of adverse employment action altered for retaliation cases). In this Circuit, an adverse action is liberally defined and is not limited to monetary losses in the form of wages or benefits. The Tenth Circuit takes a case-by-case approach, examining the unique factors relevant to each situation. *Hillig v. Rumsfeld*, 381 F.3d 1028, 1031 (10th Cir. 2004).

The *Amro* court did not address whether the transfer that the plaintiff sought was a materially

---

[2]*Amro* appears to remain good law in this Circuit. *E.g.*, *Tapia v. City of Albuquerque*, 170 Fed. Appx. 529, 535 (10th Cir. 2006).

different position than the one he held. Indeed, as Defendant notes, the Tenth Circuit has focused on the differences between a plaintiff's current position and the position to which he was or was not transferred in determining whether the plaintiff has suffered an adverse employment action. *Sanchez v. Denver Public Schools*, 164 F.3d 527, 532 (10th Cir. 1998); *McCrary v. Aurora Public Schools*, 57 Fed. Appx. 362, 368-69 (10th Cir. 2003). Those cases stand for the proposition that only if the transfer involves a truly material change in the plaintiff's working conditions can an involuntary transfer (or, as here, the denial of a transfer) be considered an adverse employment action. *Cf. Freeman v. Potter*, No. 05-6311, 2006 WL 2860604 at *9 (6th Cir. Oct. 4, 2006) (discussing Supreme Court precedent and stating that denial of transfer can be an adverse employment action).

Based on these Tenth Circuit cases, which indicate that a transfer to a different location at the same pay and same basic job requirements does not qualify as material changes in employment, the denial of the transfer does not satisfy a *prima facie* case, and summary judgment is appropriate on this claim.

### 2. The Written Coaching

In order to establish a *prima facie* case of discrimination concerning the written coaching, Plaintiff is required to establish that (1) he belongs to a protected class; (2) he suffered an adverse employment action; and (3) disparate treatment among similarly situated employees. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005). The burden here is slight. *Id.*

Whether the written coaching qualifies as an adverse action is a close question. The plaintiff in *Tapia v. City of Albuquerque*, 170 Fed. Appx. 529 (10th Cir. 2006), contended that he received a "letter of instruction" directing him not to make verbal threats to employees and warning him that future disciplinary action was possible. Plaintiff also contended that the existence of this letter in his

5

file adversely affected future employment opportunities. In addressing this claim, the Court reiterated that "warning letters and reprimands can be adverse employment actions." *Id.* at 534. However, the written document must be of such a nature that it "adversely affects the terms and conditions of the plaintiff's employment - for example, if it affects the likelihood that the plaintiff will be terminated, undermines the plaintiff's current position, or affects the plaintiff's future employment opportunities." *Id.* (quoting *Medina v. Income Support Div.*, 413 F.3d 1131, 1137 (10th Cir. 2005). As with the letter of instruction in *Tapia*, the written coaching here is not disciplinary and did not *actually* affect his pay, benefits, or employment status. *See Haynes v. Level 3 Commun., LLC,* 456 F.3d 1215, 1224-25 (10th Cir. 2006) (even a written disciplinary action is not *per se* an adverse employment action). "A written warning *may* be an adverse employment action only if it effects a significant change in the plaintiff's employment status." *Id.* at 1224 (emphasis in original). One example is a written warning that puts plaintiff's employment status in immediate danger of risk. *Id.* at 1224-25.

The Court is somewhat concerned, however, with the undisputed fact that a recent written coaching means that a Wal-Mart employee is not eligible for a time for transfer or promotion. In *Dunlap v. Kansas Dep't of Health and Environment*, 127 Fed. Appx. 433, 437 (10th Cir. 2005), the court implied that it would be concerned if a written letter was made a part of the plaintiff's file and an adverse consequence followed from the letter. The letter here did go into Plaintiff's file, and its issuance did have an arguably adverse consequence: making Plaintiff temporarily ineligible for transfer *or* promotion. However, taking Tenth Circuit precedent as a whole, under the narrow facts of this case, the Court believes that a written warning that only makes an employee temporarily ineligible for a transfer or promotion, when the employee is not in fact denied a promotion and is only denied a transfer to an equal job (meaning that the denial of the transfer, by itself, is also not an adverse employment action), does not establish a *prima facie* case of discrimination. *Cf.*, *Amro*, 232 F.3d.

at 797 (holding that a mere delay in obtaining a transfer does not constitute an adverse employment action). Here, the written coaching did not actually result in an adverse action, but only potentially could have done so, particularly in light of the fact that Plaintiff remained eligible for rehire after he resigned his employment with Defendant. If the facts were different, the Court could find an adverse action.

Furthermore, Plaintiff does not allege that he was treated differently than similarly situated persons who are not in a protected class. Therefore, Plaintiff fails on two of the three elements for a *prima facie* case, and summary judgment is appropriate.

### B. Other Transfer Denials

In his deposition Plaintiff referenced numerous other denials of transfers. Defendant argues that as to each of these, Plaintiff has either failed to establish a *prima facie* case because he cannot prove that there was an open position for which he was qualified and/or that the denial was an adverse employment action, or else there is a legitimate, nondiscriminatory reason for the denial. Plaintiff does not challenge Defendant's argument as to any transfer except for the Denver store. Thus, Plaintiff has failed to establish a reason for a trial on these denials, and the Court recommends that Defendant's motion be granted insofar as it addresses transfers or promotions.

### C. Harassment/Hostile Environment

Plaintiff identifies six alleged instances of harassment which made his workplace a racially hostile environment. Harassment based on race can be sufficiently severe to constitute an adverse employment action if considered in the aggregate. *E.g., Lujan v. Johanns*, 181 Fed. Appx. 735, 737, 738 (10th Cir. 2006). The Tenth Circuit recently expounded on the summary judgment standard for considering a claim of hostile environment/harassment:

> We have held that sufficiently severe or pervasive harassment of an employee can create an adverse employment action. *See Gunnell v. Utah Valley State Coll.,* 152

7

> F.3d 1253, 1264-65 (10th Cir. 1998) (recognizing that sufficiently severe co-worker hostility or retaliatory harassment may constitute an adverse employment action for purposes of a retaliation claim if management orchestrates or knowingly acquiesces in the harassment); *see also Faragher v. City of Boca Raton,* 524 U.S. 775, 786-88, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (holding that harassment which is severe and pervasive is deemed to affect a term, condition, or privilege of employment). To be actionable, the alleged retaliatory harassment must be objectively and subjectively offensive, and "must rise to some level of substantiality." *Noviello v. City of Boston,* 398 F.3d 76, 92 (1st Cir. 2005). Courts must mull the totality of circumstances and factors, including the frequency and severity of the harassment, whether it is physically threatening or humiliating, and whether it interferes with an employee's work performance. *See id.* (adapting hostile-work-environment standards set forth in *Faragher,* 524 U.S. at 787, 118 S.Ct. 2275, to retaliatory harassment claims).

*Lujan v. Johanns,* 181 Fed. Appx. 735, 738 (10th Cir. 2006). Stated another way, to survive summary judgment, a claimant alleging a hostile work environment must show that a rational jury could find that the workplace is permeated with racial harassment, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that the Plaintiff was targeted for harassment because of his race. *Herrera v. Lufkin Indus., Inc.*, ___ F.3d ___, 2007 WL 63663 (10th Cir. Jan. 4, 2007) (citations omitted). Based on this standard, the Court cannot find that Plaintiff has established a claim -- for purposes of summary judgment -- of racially hostile environment.

Defendant contends that the incidents alleged by Plaintiff, when combined, are insufficient to constitute a triable issue supporting a claim of hostile environment based on race. The totality of Plaintiff's evidence concerning racial harassment is as follows:

1. A female manager told him he was performing well and called him a "retard";

2. The same female manager told him to "get his ass back to his register";

3. A male manager called him an idiot;

4. The same female manager told him not to call her "on this G\*\*damn phone;

5. The same male manager called him stupid; and

8

>    6.  The same female manager brought Plaintiff some change at his checkout lane and threw the change on the counter.

The Court concludes that Plaintiff alleges no facts tending to establish that anything that happened at Defendant's workplace was based on race. In the record before the Court, the Court could not even find a single reference that might tend to establish a racial motive in the treatment given to Plaintiff. "'Race-neutral verbal abuse' is not actionable under Title VII." *Blakely v. Brach & Brock Confections, Inc.*, 181 F. Supp. 2d 943, 947-48 (N.D. Ill. 2002) (addressing the terms "dumb" and "stupid") (citing cases); *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 338 (4th Cir. 2003) (same holding in sex harassment case).[3] In his response, Plaintiff utterly fails to argue his allegations of racially hostile environment.

Summary judgment is appropriate on any claim for hostile environment/harassment. Tenth Circuit precedent requires that in opposing summary judgment, a plaintiff "must come forward with sufficient evidence of race discrimination to create a triable issue of fact." *Duran v. Community First Bankshares, Inc.*, 92 Fed. Appx. 756, 760 (10th Cir. 2004). In the *Duran* case, the plaintiff alleged that he was treated differently because of his race, and he also established several ways he was treated differently, but he failed to offer any evidence linking the defendant's actions to race discrimination. *Id.* at 161. The Court has scoured Plaintiff's filings and Defendant's briefs and exhibits and has failed to find any evidence that the alleged hostile environment was associated with race. Moreover, Plaintiff offers nothing to refute Defendant's argument. The Court would be acting as Plaintiff's advocate were it to ignore the utter absence of evidence of race harassment and deny summary judgment, an act in which this Court may not engage. *Garcia v. Furlong*, 81 F.3d 172 (Table), 1996

---

[3] *See also Hill v. Rayboy-Brauestein*, __ F. Supp. 2d __, 2006 WL 3298383 (S.D.N.Y. Nov. 9, 2006) (use of "moron" and "retard" is not racial); *Boss v. Rock County, Wis.*, No. 02-C-0676, 2003 WL 23142224 (W.D. Wis. Nov. 26, 2003) ("stupid" and "lazy" are not suggestive of racial prejudice).

WL 128130 (10th Cir. Mar. 22, 1996) ("The district court has no obligation to act as an advocate for a pro se civil litigant."); *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) ("[T]he court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations."). Therefore, summary judgment is appropriate as to any allegation based on racial harassment/hostile environment.

## IV. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion for Summary Judgment [Filed December 15, 2006; Docket #53] be **granted**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[4]

Dated at Denver, Colorado this 6th day of February, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[4] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).