IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00183-WDM-MEH

LANGSTON ALEXANDER,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE**

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (doc no 66) that Defendant's Motion for Summary Judgment (doc no 53) be granted. Plaintiff filed an objection to the recommendation.[1]  28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including Plaintiff's complaint, Defendant's Motion for Summary Judgment and exhibits, Plaintiff's response, the recommendation, and Plaintiff's objection.  I agree with Magistrate Judge Hegarty's conclusion and accept most of the recommendation, but I grant summary judgment in favor of Defendant on Plaintiff's failure to promote/transfer claims on different grounds.

Factual Background

This is an employment discrimination case pursuant to Title VII of the Civil Rights

---

[1] I construe Plaintiff's "Response On Defendant's Motion for Summary Judgment" (doc no 70), filed February 20, 2007, to be an objection to the recommendation.

Act of 1964, as amended.  Plaintiff, who is African-American, was employed with Defendant from July 2001 to October 2004.  He voluntarily resigned from his employment in October 2004.  He filed this action *pro se*, alleging that Defendant had discriminated against him based on his race by failing to promote him, unfairly imposing discipline on him, denying him transfers to other stores, and by permitting him to be harassed.

## Discussion

Title VII prohibits an employer from terminating any individual because of "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-2(a)(1), or because that individual opposed unlawful discrimination, 42 U.S.C. § 2000e-3(a). Because Plaintiff has not provided direct evidence of discrimination, I apply the burden-shifting regimen of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this analysis, the plaintiff bears the initial burden of presenting a *prima facie* case of discrimination.  *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000).  If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for its action.  *Id.* at 1226 (quoting *McDonnell Douglas*, 411 U.S. at 802).  If the defendant presents such a reason, the plaintiff bears the "ultimate burden" of establishing that these proffered reasons are a pretext for unlawful discrimination.  *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1167 (10th Cir. 2000).

The plaintiff may show pretext by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could rationally find them unworthy or credence and hence that the employer did not act for the asserted non-discriminatory

reasons." *Jaramillo v. Colorado Judicial Dept.*, 427 F.3d 1303, 1308 (10th Cir. 2005); *see also Kendrick*, 220 F.3d at 1230 (three ways of showing pretext are: (1) evidence that the defendant's stated reason for the adverse action was false; (2) evidence that the defendant acted contrary to a written company policy prescribing the action to be taken under the circumstances; or (3) evidence that defendant acted contrary to an unwritten policy or practice when making the adverse decision).

I address each of the alleged adverse employment actions below:

1. <u>Denial of Transfer</u>

Plaintiff's main claim concerns his request to transfer from Wal-Mart in Commerce City, Colorado to another position at Sam's Club in Denver. He attended an interview on September 15, 2005 and was offered the position. However, he was scheduled to work that day at Wal-Mart and called in to the store to inform someone that he would be absent. Contrary to policy, Plaintiff did not speak to a management representative, but rather to an hourly employee in personnel. Plaintiff was given a "coaching" (i.e., a written warning) because of his absence, which made him ineligible for any transfers or promotions. Accordingly, he was denied the transfer to Sam's Club.

As a general matter, a *prima facie* case of employment discrimination consists of a showing that (1) the plaintiff belongs to some protected class, (2) the plaintiff was qualified for the position or benefit at issue, (3) the plaintiff suffered an adverse employment action, and (4) the plaintiff was treated less favorably than others (e.g., the position at issue remained open after the adverse employment action). *Exum v. U.S. Olympic Committee*, 389 F.3d 1130, 1134 (10th Cir. 2004).

Magistrate Judge Hegarty recommended that summary judgment be granted on this claim because denial of a lateral transfer with no change in working conditions or benefits is not an adverse employment action. In his objection, Plaintiff contends that the position at Sam's Club would have entailed increased pay, hours, and benefits, and that the location was more convenient for him. Because I am required to liberally interpret whether an adverse employment action exists, taking "a case-by-case approach, examining the unique factors relevant to the situation at hand," *Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1268 (10th Cir.2005) (quotation omitted), I will assume for the purposes of summary judgment that Plaintiff could establish this element of the *prima facie* case.

Nonetheless, I agree that this claim should be dismissed because Plaintiff has offered no evidence to demonstrate that Defendant's non-discriminatory reason for refusing to transfer him (violation of the call-in policy) was a pretext for unlawful discrimination. It is well-established in this circuit that ""[t]he relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." *Rivera v. City and County of Denver*, 365 F.3d 912, 924-25 (10th Cir. 2004) (internal quotation marks and alteration omitted); *see also Kendrick*, 220 F.3d at 1231 ("[A] challenge of pretext requires us to look at the facts as they appear to the person making the decision to terminate plaintiff."). "The reason for this rule is plain: our role is to prevent intentional discriminatory hiring practices, not to act as a 'super personnel department,' second guessing employers' honestly held (even if erroneous) business judgments." *Young v. Dillon Comp.,* 468 F.3d 1243, 1250 (10th Cir. 2006) (citations omitted).

Plaintiff asserts that there was no policy in writing requiring him to report to a "salaried member of management," as asserted by Defendant when imposing the discipline. However, Defendant's evidence includes a copy of Defendant's policy on absences, which expressly requires employees to "call the member of Management they report to, or another member of Management," to report absences. Plaintiff's belief that the person he spoke to was a manager is not sufficient to demonstrate that the asserted reason for the discipline was false or pretextual.[2]

Plaintiff also argues in his objection that he was treated differently from other similarly situated employees with respect to the transfer. In his objection, he asserts that he spoke to a "Hispanic male" in March 2005, who informed Plaintiff that his personnel manager filled out the transfer paperwork for him (which was never done for Plaintiff). Even if this were competent evidence for the purposes of summary judgment, it is irrelevant since it does not demonstrate inconsistent application of the absence policy. Plaintiff also alleges that a Hispanic female had a coaching but was allowed to be promoted. However, Plaintiff does not provide competent evidence to demonstrate that this employee was similarly situated to him but was given preferential treatment based on race.[3]

---

[2] Plaintiff also contends that the transfer was denied because his supervisors were angry with him for refusing to sign the coaching form. Since this does not indicate a discriminatory motive, it does not help Plaintiff in opposing Defendant's motion.

[3] Rule 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge" and that the facts set forth be admissible in evidence. Plaintiff's assertions are not even contained in an affidavit; even if so presented, no facts are shown that demonstrate that Plaintiff has personal knowledge of these facts. "[C]onclusory and self-serving affidavits are not sufficient." *Hall v. Bellmon*, 935 F.2d

5

Plaintiff testified in his deposition that he was denied transfers throughout 2003 and 2004. However, it appears that none of these transfers were prevented by any action on the part of Defendant. Rather, in almost every example cited by Plaintiff, the store to which he was seeking to transfer stopped the process for a variety of reasons (including lack of positions, hiring freezes, paperwork problems, etc.). Moreover, he offers no facts to support his assertion that the failure to transfer him was based on racial animus; rather, he has only a theory that someone from Wal-Mart spoke to someone at the other stores and blocked the transfers out of discriminatory motives. I agree with Magistrate Judge Hegarty that Plaintiff's claims based on these other efforts to transfer cannot survive summary judgment. *Bones v. Honeywell Intern., Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings. To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise.") (citations omitted).

  2.  Discipline

Magistrate Judge Hegarty also concluded that Plaintiff failed to establish a *prima facie* case of discrimination because the written warning Plaintiff received was not an adverse employment action. Again, in light of the liberal standard I must apply in determining what is an adverse employment action, I do not accept this portion of the recommendation. It is undisputed that the written warning prevented Plaintiff from being promoted or transferred, which, in the totality of the circumstances, could constitute an adverse employment action. Again, I will assume for the purposes of summary judgment

---

1106, 1111 (10th Cir. 1991).

6

that Plaintiff has established this element of his *prima face* case.

However, I agree with Magistrate Judge Hegarty that Plaintiff has proffered no evidence indicating that he was treated less favorably than others (or, as discussed above, that the warning was a pretext for unlawful discrimination). Accordingly, summary judgment should enter on this claim.[4]

### 3. Failure to Promote

Magistrate Judge Hegarty did not specifically address Plaintiff's claim of failure to promote. In his deposition, Plaintiff identified several positions to which he applied, but the positions were filled by persons outside of his protected group. Again, however, Plaintiff provides only conjecture and speculation to support his assertion that he did not receive the promotions because of discriminatory animus. His only evidence to support his claim is his subjective belief that he was more qualified than those selected and race-neutral comments by decisionmakers about his qualifications. This is not sufficient to carry Plaintiff's burden.

Moreover, according to Plaintiff's deposition testimony, all of these incidents occurred in 2003. Plaintiff filed his charge of discrimination with the EEOC on February 1, 2005. Under 42 U.S.C. § 2000e-5(e), Plaintiff was required to file a charge of discrimination within 300 days of each discrete discriminatory practice, such as a failure

---

[4] Plaintiff argues that the warning also included a false assertion that he had failed to take his lunch breaks in accordance with company policy and, despite promising to remove this from the notice, Defendant did not do so. The record is unclear in this regard. Nonetheless, I do not consider this to be an adverse action, as it apparently had no additional disciplinary effect, did not affect Defendant's ability to be rehired at the store, and there is nothing to indicate that race played any role in the inclusion of this issue in the warning.

to promote, as a prerequisite to filing suit. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Accordingly, any claim based on a failure to promote occurring more than 300 days before Plaintiff's charge of discrimination, which includes all of these alleged incidents, is time-barred.

Summary judgment is thus appropriate on Plaintiff's failure to promote claim.

4. <u>Harassment/Hostile Work Environment</u>

I agree with Magistrate Judge Hegarty's recommendation that Plaintiff has failed to demonstrate that the alleged instances of harassment underlying this claim are sufficient to constitute a triable issue supporting a claim of hostile work environment based on race. Although the alleged conduct at issue was certainly rude and objectionable, it was race-neutral and there is simply no evidence to indicate that it was motivated by racial discrimination.

Accordingly, it is ordered:

1. Magistrate Judge Hegarty's recommendation (doc no 66) is accepted as modified above.
2. Defendant's Motion for Summary Judgment (doc no 53) is granted and Plaintiff's complaint is dismissed with prejudice.

DATED at Denver, Colorado, on April 12, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge