IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00183-WDM-MEH

LANGSTON ALEXANDER,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

_____

### ORDER ON MOTION FOR RECONSIDERATION
_____

Miller, J.

    This matter is before me on the Response on Order Recommentation [sic] of Magistrate Judge Per J. Miller (doc no 80) ("Motion") filed by Plaintiff. Plaintiff challenges my April 13, 2007 order accepting the recommendation of Magistrate Judge Michael E. Hegarty and granting summary judgment in Defendant's favor.

    The Federal Rules of Civil Procedure do not provide for motions for reconsideration. In general, the Tenth Circuit construes a motion to reconsider that is filed within ten days after an order or judgment as a motion to alter or amend pursuant to Rule 59(e); a motion to reconsider filed after ten days is treated as a motion for relief from judgment under Rule 60(b). *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). Plaintiff's motion was filed within the ten-day period after judgment entered on March 30, 2007. Accordingly, I construe the motion as one to alter or amend the judgment pursuant to Rule 59(e).

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id. See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Plaintiff neither raises new evidence nor argues an intervening change in the controlling law, but rather makes the same arguments and reiterates the same facts as in his objections to Magistrate Judge Hegarty's recommendation and other pleadings. Plaintiff's mere belief that he was subjected to race discrimination, standing alone, is insufficient to withstand summary judgment. Moreover, his assertion that he was relying on the EEOC to obtain evidence for him to prove his claims does not satisfy his burden. I have reviewed my previous order and conclude that Plaintiff has not shown the need to correct clear error or to prevent manifest injustice. I therefore conclude he is not entitled to relief under Rule 59(e).

Accordingly, it is ordered that the Motion (doc no 80) is denied.

DATED at Denver, Colorado, on April 25, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

2